Speedy Trial Act
Order of Excludable Delay: Ends of Justice

United States v. Jhoan Sebastian Sanchez Ramirez          Case No. 2:26-CR-00037-SJB

This is the 2nd___ exclusion of time from Speedy Trial Act calculations in this case for this Defendant.   The Court, hereby, excludes time from Speedy Trial Act calculations from _03/24/26_to_5/9/26 21___. Trial in this case is currently not scheduled or scheduled for_____. This exclusion of time is sought via ☒_motion by the Government; ☒ motion by the Defendant; or ☐ the Court's own motion.

In evaluation this motion, the Court has considered and deemed the following factors applicable to this continuance:

☐ The failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.  (§ 3161(h)(7)(B)(i))

☐ The case so unusual or so complex, (☐ due to the number of defendants; ☐ the nature of the prosecution; or ☐ the existence of novel questions of fact or law) that adequate preparation for ☐ pretrial proceedings or ☐ trial, within the statutory time-limits, is unreasonable without an exclusion of time. (§ 3161(h)(7)(B)(ii)).  The Court specifically finds that the case is complex because:

☐ This is not an unusual or complex case, but without a continuance ☐ the defendant would be denied reasonable time to obtain counsel; ☐ the defendant or ☐ the Government would be denied continuity of counsel; ☐ the defendant or ☐ the Government would be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  (§ 3161(h)(7)(B)(iv))

☒ Other factors:

☒ given the reasonable likelihood that ongoing plea negotiations will result in a disposition of this case without trial, the exclusion of time will allow all counsel to focus their efforts on plea negotiations without the risk that they would be denied the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

☐

The Court has separately concluded that this is continuance is not being granted because of congestion of the Court's calendar; lack of preparation by the Government; or the failure to obtain available Government witnesses.  (§ 3161(h)(7)(C)).

As a result of the consideration of and balancing of the factors identified above, the Court concludes that the ends of justice are served by granting the motion, and the Court has concluded that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(7)(A).

SO ORDERED

Central Islip, New York
Date:  3/24/2026

_____/s/ Sanket J. Bulsara  3/24/2026_____
United States District Judge Sanket J. Bulsara