CMM:JRS
F. #2023R00449

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   -against-

DANIELA ALEJANDRA SANCHEZ
RAMIREZ, MARYLN YULITZA
SALAZAR PINEDA, JHOAN
SEBASTIAN SANCHEZ RAMIREZ
and ALEXANDRA PATRICIA
SANCHEZ RAMIREZ,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION & ORDER

No. 26-CR-37 (SJB)

       IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

       1.     All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), to the defendants DANIELA ALEJANDRA SANCHEZ RAMIREZ, MARYLN YULITZA SALAZAR PINEDA, JHOAN SEBASTIAN SANCHEZ RAMIREZ and ALEXANDRA PATRICIA SANCHEZ RAMIREZ (the "Defendants"), and the Defendants' counsel having filed notices of appearance with the Court ("Defense Counsel"), by the government in the above-captioned case (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

1

2. Discovery Materials, however designated, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Discovery Materials, may be used by the Defendants, Defense Counsel and Defense Staff (which is defined as non-lawyer staff employed or contracted by Defense Counsel, expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case.

3. Except as otherwise provided in this Protective Order, any and all Discovery Materials disclosed or produced to the Defendants and/or Defense Counsel by the government, and any copies, notes, transcripts, or documents derived from the Discovery Materials, shall not be further disclosed or disseminated by the Defendants, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities, including by posting or uploading to any Internet site or network site (including public generative artificial intelligence tools) to which persons other than the counsel hereto have access.

4. None of the Discovery Materials nor any copies, notes, transcripts, or documents derived from the Discovery Materials, shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial, or other proceeding.

5. If the Defendants obtain substitute counsel, the Defendants, Defense Staff, or Defense Counsel will not transfer any portion of the Discovery Materials or any copies, notes, transcripts, or documents derived from the Discovery Materials, unless and until such counsel becomes counsel of record, has been provided a copy of this Protective Order, signs Attachment

A to this Protective Order, and provides a signed copy of Attachment A to the government. Once substitute counsel has provided a signed copy of Attachment A to the government, and following Defense Counsel's withdrawal from the above-captioned case, substitute counsel shall assume Defense Counsel's responsibilities under the Protective Order.

6.     The government (or Defense Counsel as it pertains to reciprocal discovery) may designate certain documents, material, or information as "Sensitive Discovery Material" and "Attorneys' Eyes Only Material" upon a good-faith belief that such documents, material, or information contain identifying information for any potential witness, victim or individual not a party to this litigation; sensitive information of a victim or of a witness; law enforcement sensitive information; information that could implicate the safety of others; information that could impede an ongoing law enforcement investigation; and/or any other information that the government deems in need of heightened protection under this Protective Order.

7.     The Defendants may review Discovery Materials specifically identified by the government as Sensitive Discovery Material only in the presence of Defense Counsel or Defense Staff. The Defendants are prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, or documents derived from the Sensitive Discovery Material. Sensitive Discovery Material contains material that affects the privacy and confidentiality of individuals or entities, including but not limited to: financial information (i.e., bank account information, credit card information, and mobile payment information), personal identifying information (i.e., names, addresses, Social Security numbers, Passport numbers, dates of birth, phone numbers, e-mail addresses, visual images and voices), and personal health information pertaining to the defendants in the above-captioned case (i.e., medical records, invoices, letters of medical necessity, correspondence concerning health information).

8.     The Defendants, Defense Counsel, and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

9.     If Defense Counsel chooses to share the Sensitive Discovery Material with the Defendants, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence of Defense Counsel or Defense Staff, and Defense Counsel and Defense Staff must not allow the Defendants, a witness and/or a witness's counsel to make, keep, or maintain copies of the Sensitive Discovery Material.

10.     All Discovery Material specifically identified by the government as Attorneys' Eyes Only Material shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 11 below.  Attorneys' Eyes Only Material include material that affects the privacy, confidentiality, and/or safety interests of individuals or entities, such that its disclosure could cause substantial harm and/or pose safety concerns to individuals or entities, including but not limited to: sexually explicit material (i.e., e-mail messages, visual images, and videos) and materials concerning the Government's ongoing investigation (i.e., sources, methods, identities, identifiers, or locations relating to uncharged individuals).

11.     Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively.  Attorneys' Eyes Only Material may not be disseminated to or reviewed by any other person, including the Defendant.

12.     If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material or Attorneys' Eyes Only Material, Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense

Counsel does not believe the materials require treatment as Sensitive Discovery Material or Attorneys' Eyes Only Material. To the extent the parties do not agree, either party—upon providing notice of the intent to make such an application—may apply to the Court to determine whether the material should be treated as Sensitive Discovery Material or Attorneys' Eyes Only Material. Nothing in this paragraph shall preclude Defense Counsel, after consultation with the government, from making an application to the Court in connection with the government's designation. The material shall be treated as Sensitive Discovery Material or Attorneys' Eyes Only Material pending any determination by the Court.

13. Any documents, material, or information determined to be Sensitive Discovery Material or Attorneys' Eyes Only Material may be so designated by stamping the legend "Sensitive" or "Sensitive – Attorneys' Eyes Only" or "Attorneys' Eyes Only" on the document or by indicating the appropriate designation to Defense Counsel either (1) orally at the time of the disclosure and subsequently confirmed in writing, or (2) in writing. While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted. Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive Discovery Material or Attorneys' Eyes Only Material.

14. The Defendants and Defense Counsel will return to the government and/or destroy the Sensitive Discovery Material and the Attorneys' Eyes Only Material and all copies thereof, whether in the possession of the Defendants, Defense Counsel, Defense Staff or any other

signatory to Attachment A to this Protective Order, when the Defendants conclude all efforts to defend against the charges in the above-captioned case and any superseding indictment, including but not limited to preparing for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the Defendants' appellate rights, involving the charges in the above-captioned case.

15. Nothing in this Protective Order shall preclude the government from seeking a further order pursuant to Rule 16(d) as to particular items of the Discovery Materials.

16. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York.

17. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel as soon as practicable of the nature and circumstances of such violation.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:        Central Islip, New York
                     4/15/ , 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

_____
Masooma Javaid, Esq.
Kyla Wells, Esq.
Attorneys for DANIELA ALEJANDRA
SANCHEZ RAMIREZ

By: _____
    James R. Simmons
    Assistant U.S. Attorney

_____
Winston M. Paes, Esq.
Attorney for MARLYN YULITZA
SALAZAR PINEDA

_____
Steven L. Brounstein, Esq.
Attorney for JHOAN SEBASTIAN SANCHEZ
RAMIREZ

_____
Gary S. Villanueva, Esq.
Attorney for ALEXANDRA PATRICIA
SANCHEZ RAMIREZ

SO ORDERED.

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Central Islip, New York
_____, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: *James R. Simmons*

James R. Simmons
Assistant U.S. Attorney

_____
Masooma Javaid, Esq.
Kyla Wells, Esq.
Attorneys for DANIELA ALEJANDRA
SANCHEZ RAMIREZ

_____
Winston M. Paes, Esq.
Attorney for MARLYN YULITZA
SALAZAR PINEDA

_____
Steven L. Brounstein, Esq.
Attorney for JHOAN SEBASTIAN SANCHEZ
RAMIREZ

_____
Gary S. Villanueva, Esq.
Attorney for ALEXANDRA PATRICIA
SANCHEZ RAMIREZ

SO ORDERED.

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:        Central Islip, New York
              _____, 2026

                                          JOSEPH NOCELLA, JR.
                                          United States Attorney
                                          Eastern District of New York


_____          By: _____
Masooma Javaid, Esq.                       James R. Simmons
Kyla Wells, Esq.                           Assistant U.S. Attorney
Attorneys for DANIELA ALEJANDRA
SANCHEZ RAMIREZ


_____              _____
Winston M. Paes, Esq.                    Steven L. Brounstein, Esq.
Attorney for MARLYN YULITZA              Attorney for JHOAN SEBASTIAN SANCHEZ
SALAZAR PINEDA                           RAMIREZ


                                         _____
                                         Gary S. Villanueva, Esq.
                                         Attorney for ALEXANDRA PATRICIA
                                         SANCHEZ RAMIREZ


SO ORDERED.


_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK


7

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: Central Islip, New York
_____, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

_____

Masooma Javaid, Esq.
Kyla Wells, Esq.
Attorneys for DANIELA ALEJANDRA
SANCHEZ RAMIREZ

By: _____

James R. Simmons
Assistant U.S. Attorney

_____

Winston M. Paes, Esq.
Attorney for MARLYN YULITZA
SALAZAR PINEDA

/s/ Steven L. Brounstein
_____

Steven L. Brounstein, Esq.
Attorney for JHOAN SEBASTIAN SANCHEZ
RAMIREZ

_____

Gary S. Villanueva, Esq.
Attorney for ALEXANDRA PATRICIA
SANCHEZ RAMIREZ

SO ORDERED.

/s/ Sanket J. Bulsara 4/21/2026
_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:    Central Islip, New York
          _____, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

_____          By: _____
Masooma Javaid, Esq.                   James R. Simmons
Kyla Wells, Esq.                       Assistant U.S. Attorney
Attorneys for DANIELA ALEJANDRA
SANCHEZ RAMIREZ

_____          _____
Winston M. Paes, Esq.             Steven L. Brounstein, Esq.
Attorney for MARLYN YULITZA       Attorney for JHOAN SEBASTIAN SANCHEZ
SALAZAR PINEDA                    RAMIREZ

                                  _____
                                  Gary S. Villanueva, Esq.
                                  Attorney for ALEXANDRA PATRICIA
                                  SANCHEZ RAMIREZ

SO ORDERED.

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK